## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RYAN RATLIFF,**

   **Plaintiff,**

**v.**             **Case No. 24-cv-1957-NJR**

**JOHN DOE #8, JOHN DOE #9, and**
**JOHN DOE #10,**

   **Defendants.**

## <u>MEMORANDUM AND ORDER</u>

**ROSENTENGEL, Chief Judge:**

Plaintiff Ryan Ratliff, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Ratliff's claim regarding the conditions of his cell was severed from his claims in *Ratliff v. Wexford Health Sources, Inc.*, Case No. 24-cv-1598-GCS.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

The allegations that form the basis of Ratliff's claim in this severed case were set forth in Magistrate Judge Gilbert C. Sison's Order of August 20, 2024 (Doc. 1). As it relates to his conditions of confinement claim, Ratliff alleges that while in restrictive housing in March 2023, he complained to John Doe #8 (lieutenant), John Doe #9 (sergeant), and John Doe #10 about his ceiling leaking water (*Id*. at p. 4). Ratliff specifically showed John Doe #8 the water on his floor and ceiling, but John Doe #8 refused to do anything about the conditions (*Id*.). The following morning, Ratliff slipped on the water, causing him to fall and injure his back. On March 22, 2023, Ratliff was transported to the emergency room for his injuries (*Id*.).

## Discussion

The Court finds it convenient to redesignate the severed count as follows:

**Count 1:**  **Eighth Amendment conditions of confinement claim against John Doe #8, John Doe #9, and John Doe #10 for failing to fix the water leak in Ratliff's cell.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

At this stage, Ratliff adequately states a claim against John Doe #8, John Doe #9, and John Doe #10 for the conditions of his cell (Doc. 1, p. 13). Thus, Count 1 shall proceed against John Doe #8, John Doe #9, and John Doe #10. To help identify the unknown officers, the Court adds Warden Jeremiah Brown, in his official capacity, for the purpose of responding to discovery aimed at identifying the officers.

## Disposition

For the reasons stated above, Count 1 shall proceed against John Doe #8, John Doe #9, and John Doe #10. Warden Jeremiah Brown is **ADDED** as a defendant, in his official capacity only.

The Clerk of Court shall prepare for Defendant Jeremiah Brown (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk of Court shall take appropriate steps to effect formal service on him, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Because Jeremiah Brown is only in the case for purposes of responding to discovery regarding the unknown officers, he does not need to file an Answer. Once counsel has entered his appearance for Brown, the Court will enter a scheduling order for John Doe discovery.

If judgment is rendered against Ratliff, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Ratliff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 28, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, the defendant's attorney will enter an appearance in the case. Once the defendant has appeared, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidenc0e to the Court at this time, unless specifically directed to do so.**