IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN RATLIFF,<br><br>      Plaintiff,<br><br>v.<br><br>JOHN DOE #8, JOHN DOE #9, JOHN DOE #10, and WARDEN JEREMIAH BROWN,<br><br>      Defendants. | Case No. 24-cv-1957-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Ryan Ratliff, who at the time he filed his Complaint was an inmate of the Illinois Department of Corrections (he has since been released), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. After a review of Ratliff's Complaint pursuant to 28 U.S.C. § 1915A, Ratliff was allowed to proceed on a single count for violations of his Eighth Amendment rights against three unknown correctional officers ("John Does") who failed to fix a water leak in his cell (Doc. 13, pp. 2-3). Warden Jeremiah Brown was added to the case, in his official capacity only, to respond to discovery aimed at identifying the unknown officers (*Id.* at p. 3).

After Warden Brown was served and entered his appearance, the Court entered a scheduling order setting deadlines for discovery aimed at identifying the John Doe defendants (Doc. 17). Ratliff was given a deadline of February 7, 2025, to file a Notice with the Court with any information he had which would help identify the John Doe

Defendants, including physical descriptions, shift times, ranks, and other identifying information (*Id*. at pp. 1-2). Warden Brown then had until February 25, 2025, to file a Notice with the identities of the unknown officers or, if Brown was unable to identify them, documents and information that would assist in identifying the officers (*Id*. at p. 2). Ratliff also was given a deadline to file a motion to substitute specific defendants for the John Does on or before March 11, 2025 (*Id*.).

On January 21, 2025, Ratliff filed his Notice but failed to provide any identifying information to aid Warden Brown in identifying the unknown officers (Doc. 18). Instead, he asked for the production of numerous documents, most of which were related to the merits of his claims (*Id*.). On February 25, 2025, Warden Brown filed his Response indicating that he was unable to provide identifications for any of the officers due to Ratliff's failure to provide identifying information (Doc. 23). The deadline for Ratliff to file a motion to substitute passed with no response from Ratliff. On April 7, 2025, the Court again Ordered Ratliff to provide identifying information for the unknown officers (Doc. 24). His request for documents related to the merits of his claims was denied. Ratliff was warned that his failure to respond to the scheduling order for a second time would result in the dismissal of his claims for failure to prosecute. The deadline for filing the Notice with the Court was April 28, 2025.

As of this date, Ratliff has failed to file a Notice with identifying information for the John Does, nor has he responded to the Court's Order in any other fashion.

The Court will not allow this matter to linger. Ratliff has failed to comply with the Court's Orders, despite warnings that his failure to respond would result in the dismissal

of his claims. Therefore, this action is **DISMISSED** with prejudice for failure to prosecute his claims. *See* FED.R.CIV.P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir. 1997); *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013). The Clerk of Court is **DIRECTED** to enter judgment and close this case.

    **IT IS SO ORDERED.**

    **DATED:  June 10, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**